UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE JOLIVET, | ) | CV F- 04-5095 OWW DLB P |
| Plaintiff, | ) | ORDER DISMISSING CLAIM WITH LEAVE TO AMEND |
| v. | ) | |
| A.K. SCRIBNER, | ) | |
| Defendant. | ) | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the complaint, filed January 12, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1   Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2         In the instant case, plaintiff brings action against A.K. Scribner, the Warden of Corcoran State Prison.  Plaintiff alleges that on August 3, 2003, officers were confiscating altered wires from his cell.  When plaintiff stood up to explain that there was a shortage in the wire and that was the reason for the tape, the officer thought plaintiff was going to attack him and drew his baton.  Plaintiff states that as a result of the incident he was subject to a disciplinary hearing which he characterizes as "a farce and a sham, polluted with false documents."  Plaintiff contends that he was denied his due process rights in connection with the hearing and as a result, he suffered loss of liberty, a decrease in privileges, and an increase in custody placement points.

        Plaintiff requests that the findings of the disciplinary hearing be reversed.  He also requests that he be transferred to another prison and monetary damages.

        The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        The only named defendant in this action is A.K. Scribner, the Warden of Corcoran State Prison.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to allege facts to indicate supervisorial liability on the part of Scribner, the only named defendant and therefore plaintiff's complaint must be dismissed.  However, the Court will grant plaintiff leave to file an amended complaint.  In deciding whether to file an amended complaint, plaintiff must consider that to the extent he challenges his rule violation, his claim is barred.  Pursuant to the rule announced in Edwards v. Balisok, 520 U.S. 641 (1997), a claim challenging the procedural aspects of a prison disciplinary hearing is not cognizable under section 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing, unless the prisoner can demonstrate that the result of the disciplinary hearing has been previously invalidated.  Id. at 648; see Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying Balisok to dismiss action in which a prisoner sought monetary relief based on allegations that prison officials relied on false information to find him ineligible for parole); Gotcher v. Wood, 122 F.3d 39 (9th Cir. 1997), on remand from 520 U.S. 1238 (1997) (holding that prisoner's claim for compensatory damages was not cognizable under section 1983).

Nevertheless, the Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint, should he believe he can state a cognizable claim for relief under section 1983.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

1 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
2 affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v.
3 Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>,
4 588 F.2d 740, 743 (9th Cir. 1978).

5     In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
6 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
7 complaint be complete in itself without reference to any prior pleading.  This is because, as a
8 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d
9 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
10 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
11 each claim and the involvement of each defendant must be sufficiently alleged.

12     In accordance with the above, IT IS HEREBY ORDERED that:

13     1. Plaintiff's complaint is dismissed; and

14     2. Plaintiff is granted thirty days from the date of service of this order to file an
15 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
16 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
17 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
18 and two copies of the amended complaint; failure to file an amended complaint in accordance with
19 this order will result in dismissal of this action for failure to state a claim and failure to comply with
20 the court's order.

21     IT IS SO ORDERED.

22     **Dated:   May 19, 2006**        **/s/ Dennis L. Beck**
23 3b142a        UNITED STATES MAGISTRATE JUDGE