# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE JOLIVET,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. HERNANDEZ, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-05095 DLB PC<br><br>**PRETRIAL ORDER**<br><br><u>Jury Trial</u>:　May 12, 2009, at 9:00 a.m. in<br>　　　　　　　Courtroom 9 (DLB) |

Plaintiff Lawrence Jolivey is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's amended complaint, filed June 26, 2006, against Defendants M. Hernandez, A. Guzman, and T. Shinault ("Defendants") for excessive force in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.

The parties have submitted pretrial statements, and on April 3, 2009, the Court held a telephonic trial confirmation hearing. Having reviewed the statements and the remainder of the file and having considered the issues raised at the telephonic trial confirmation hearing, the Court now issues the instant Pretrial Order.

**I.　Jurisdiction and Venue**

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district.

**II.　Jury Trial**

Both parties have demanded trial by jury.

1

III. **Facts**[1]

    A. <u>Undisputed Facts</u>

    1. Since September 2, 1998, Plaintiff has been serving a prison sentence for second degree robbery and assault with a firearm and has been in the custody of the California Department of Corrections and Rehabilitation (CDCR).

    2. On August 3, 2002, Plaintiff was incarcerated in California State Prison, Corcoran (COR) in Corcoran, California and was housed in facility 3B, unit 3B03. Plaintiff had a level IV classification score and was housed at the maximum security level.

    3. At all times relevant to this action, Defendants Guzman, Shinault, and Hernandez were employed by the California Department of Corrections and Rehabilitation (CDCR) and worked at COR as correctional officers.

    4. At approximately 12:58 p.m., on August 3, 2008, Plaintiff was seated at the 3B03 day room closest to the "C" section stairwell. At that time, officers Hernandez and Shinault were completing a search of Plaintiff's cell, 3B03-244 for contraband. Officer Guzman was on the floor of 3B03 to collect the 12:30 p.m. close custody slips. These slips recorded the inmate count in 3B03.

    B. <u>Disputed Facts:</u>

    1. Whether on August 3, 2002, Defendants used excessive force on Plaintiff in violation of the Eighth Amendment.

    2. Whether Plaintiff suffered any harm because of the alleged unconstitutional use of force by Defendants.

    3. Whether Plaintiff is entitled to punitive damages from Defendants.

    C. <u>Disputed Evidentiary Issues</u>

Defendants do not anticipate any unusual evidentiary issues in this case.

//

---

[1] Plaintiff did not set forth disputed facts in his pre-trial statement, and did not comply with Local Rule 16-281 regarding his undisputed facts. The following facts are taken from Defendants' pre-trial statement. The Court notes for the record that Plaintiff was provided with the requirements for filing a pre-trial statement by the Court in an order filed on September 17, 2008 and a subsequent order filed on February 2, 2009. (Docs. 41 and 53.)

D. Special Factual Information

None.

IV. **Relief Sought**

This is an action for monetary damages. In his amended complaint filed on June 26, 2006, Plaintiff states that he is seeking $30,000.00 in damages from each defendant, general damages according to proof, and punitive and exemplary damages set by the court according to proof.

Defendants seek judgment of dismissal and costs of suit.

V. **Points of Law**

A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

"Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

//

B.   Eighth Amendment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

C.   Punitive Damages

The plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 7.5 (2006). The jury must find that the defendants' conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith

v. Wade, 461 U.S. 30, 56 (1986).

**VI.    Abandoned Issues**

None.

**VII.   Witnesses**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

    A.    Plaintiff's Witnesses

        1.    Plaintiff Lawrence Jolivet

    B.    Defendant's Witnesses

        1.    Plaintiff Lawrence Jolivet;

        2.    Defendant T. Shinault;

        3.    Defendant M. Hernandez;

        4.    Defendant A. Guzman;

        5.    Officer S. A. Brown;

        6.    Officer L. N. Cordova;

        7.    Officer D. Rush;

        8.    Sergeant W. Stebner;

        9.    Medical Technical Assistant F. Lemos;

        10.    Dr. Hasadsri or his designee, expert witness;

        11.    Office N. Scaife;

        12.    Lieutenant M. J. Seifert;

        13.    Lieutenant A. F. Hernandez;

        14.    Lieutenant A. Diaz;

        15.    Officer A. M. Miller;

        16.    Dr. Hirokawa or his designee - expert witness;

|   |   |   |
|---|---|---|
| 1 | 17. | Custodian of Plaintiff's correctional records, correctional case records |
| 2 |  | administrator CDCR for CSP-COR; |
| 3 | 18. | Custodian of Plaintiff's medical records, medical records administrator CDCR for |
| 4 |  | CSP-COR. |

Defendants request that the custodians of records be permitted to authenticate documents via declaration pertaining to Plaintiff's classification records and medical records as maintained by CDCR. Defendants indicate that they intend to provide Plaintiff with copies of documents to be introduced in evidence thirty days before trial. Plaintiff raised no objections. Accordingly, Defendants are permitted to authenticate these documents via declaration by the custodians of records.

**VIII.** **Exhibits**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

    A.    <u>Plaintiff's Exhibits</u>

None.

    B.    <u>Defendant's Exhibits</u>

1. Abstract of Judgment, Lawrence George Jolivet, Case No. TA035177, September 18, 1998;
2. Inmate Appeal log number 02-1504
3. Inmate appeal log number 03-1017
4. Inmate appeal log number 03-2913
5. Rules Violation Report (CDC 115) for incident of August 3, 2002, Log No. 3B-02-08-003
6. Rules Violation Report (CDC 115) for incident of August 3, 2002, Log No. 3B-02-08-003R

6

7. Crime/Incident Report (COR-03B-08-0418) prepared by Lieutenant A. Diaz dated August 3, 2002 (5 pages)
8. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by A. Guzman dated August 3, 2002 (3 pages)
9. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by M. Hernandez dated August 3, 2002 (3 pages)
10. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by T. Shinault dated August 3, 2002 (4 pages)
11. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by S. A. Brown, dated August 3, 2002 (3 pages)
12. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by L. N. Cordova dated August 3, 2002 (2 pages)
13. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by D. Rush dated August 3, 2002 (2 pages)
14. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by W. Stebner dated August 3, 2002 (2 pages)
15. Crime/Incident Report, Supplemental Report, (COR-03B-08-0418) prepared by F. Lemos dated August 3, 2002 (2 pages)
16. Medical Report of Injury and Unusual Occurrence prepared by F. Lemos, August 3, 2002 (2 pages)
17. Medical Report of Injury and Unusual Occurrence prepared by F. Lemos, August 4, 2002 (1 page)
18. Plaintiff's classification records as maintained by CDCR
19. Plaintiff's medical records as maintained by CDCR, including but not limited to:
    A. Physician's Orders maintained by the CDCR from January 1, 2002 to December 31, 2002;
    B. Physician's Progress Notes maintained by the CDCR from January 1, 2002 to December 31, 2002;

|   |      |                                                                                  |
|---|------|----------------------------------------------------------------------------------|
| 1 |      | 20.  Diagram of facility 3B at COR                                               |
| 2 |      | 21.  Photographs of facility 3B at COR                                           |
| 3 |      | 22.  Declaration of Custodian of records, Correctional Case Records Administrator, |
| 4 |      |      California Department of Corrections and Rehabilitation                     |
| 5 |      | 23.  Declaration of Custodian of Records, Medical Records Technician, California |
| 6 |      |      Department of Corrections and Rehabilitation                                |
| 7 |      | 24.  PR-24 Side Baton                                                            |

**IX. Discovery Documents To Be Used At Trial**

Transcript pages from Plaintiff's deposition taken May 1, 2008.

**X. Further Discovery or Motions**

Defendants intend to move in limine to exclude all medical records or medical opinion testimony introduced by Plaintiff, because he is not an expert witness.

**XI. Stipulations**

Defendants will stipulate to their own undisputed facts.

**XII. Amendments/Dismissals**

None.

**XIII. Settlement Negotiations**

No settlement negotiations have occurred.

**XIV. Agreed Statement**

None.

**XV. Separate Trial Of Issues**

The punitive damages phase, if any, will be bifurcated.

**XVI. Impartial Experts - Limitation Of Experts**

Defendants anticipate calling Dr. Hasadsri and Dr. Hirokawa, or their designees, as medical expert witnesses.

**XVII. Attorneys' Fees**

Plaintiff is proceeding pro se and is not entitled to attorney's fees. If defendants prevail, they will seek reasonable attorneys' fees and costs as permitted by statute.

## XVIII. Further Trial Preparation

### A. Motions In Limine

#### 1. Hearing and Briefing Schedule

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

Any motions in limine must be served on the other party, and filed with the Court, by **April 28, 2009**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by **May 5, 2009**.

If any party files a motion in limine, the Court will address the motion(s) the morning of trial.

Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

#### 2. Other

The parties are relieved of their obligation under Local Rule 16-285 to file trial briefs. The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **May 5, 2009**.

Defendants shall file proposed jury instructions as provided in Local Rule 51-163 on or

before **May 5, 2009**. Defendants are only required to file proposed jury instructions relating to the substantive law underlying this action. If plaintiff wishes to file proposed jury instructions, he must do so on or before **May 5, 2009**.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: dlborders@caed.uscourts.gov.

Proposed voir dire questions, if any, shall be filed on or before **May 5, 2009**. Local Rule 47-162.

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **May 5, 2009**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The original and two copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Mamie Hernandez no later than **May 5, 2009**. All of plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). All of defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX 201, etc.).

**XIX. Objections to Pretrial Order**

Any party may file and serve written objections to any of the provisions of this Order on or before **April 28, 2009**. Such objections shall specify the requested modifications, corrections, additions or deletions.

//

## XX. Miscellaneous Matters

### 1. Plaintiff's Motion For Attendance of Incarcerated Witnesses

Plaintiff had filed a motion for attendance of incarcerated witnesses on March 2, 2009. During the telephonic trial conference hearing, Plaintiff indicated that he would like three incarcerated witnesses to testify on his behalf: R. Owens, J-13699, Caldwell, P-45645, and T. Reed, H-42220. Plaintiff had yet to communicate with any of these individuals. Defendants stated that Caldwell is a parolee. The Court ordered that Defendants help determine the location of Owens and Reed and relay this information to Plaintiff. Plaintiff would then be responsible for communicating with these incarcerated individuals and determining 1) whether they would be willing to testify on Plaintiff's behalf and 2) if they had any knowledge of relevant facts in this matter. If Plaintiff wishes these incarcerated individuals to appear as witnesses, Plaintiff must submit declarations in support of his motion by **April 24, 2009**. The Court will not direct the transport of any incarcerated witnesses unless the Court is satisfied that each witness is willing to attend and has actual knowledge of relevant facts.

### 2. Appointment of Counsel

Plaintiff at the telephonic trial conference hearing made a request for appointment of counsel. The United States Supreme Court has ruled that federal courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. As stated in the telephonic trial confirmation hearing, Plaintiff's request

for counsel is denied.

***

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated: April 13, 2009    /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE